CHANCE *against* HINE.

The interest of a witness in a cause, may be proved, either by the testimony of other witnesses, or by an examination of the witness himself; but after the party taking the exception has resorted to the former mode, and has failed, he cannot have recourse to the latter.

Where a party has excepted to a witness, as interested in the event of the suit, and has made an unsuccessful attempt to prove such interest, by the testimony of other witnesses, he cannot, on cross-examination of the witness, make any enquiry of him to shew such interest, for the purpose of impeaching his credibility.

This was an action of ejectment, tried at *New-Haven, August* term, 1825, before *Hosmer,* Ch. J.

The plaintiff, to establish his title to the demanded premises, offered one *George Munn* as a witness. The defendant objected to his competency, on the ground that the suit was prosecuted for *Munn's* benefit, and that he was interested in the event of it; and the defendant adduced testimony to that point. After hearing it, the court found, that *Munn's* interest in the event of the suit, was not proved; and he was admitted to testify.

The counsel for the defendant then proposed to make the same enquiry of the witness himself, to which the plaintiff objected; and the court decided, that as the defendant had elected his mode of proving the interest of the witness, and had failed, he was bound by his election, and could not resort to the mode proposed.

After *Munn* had given in his testimony for the plaintiff, the counsel for the defendant, on cross-examination, proposed again the same enquiry of the witness, insisting, that they had then a right to make it, to impeach his credibility. The court being of opinion that the enquiry, from its nature, did not point to the credibility, but to the competency, of the witness, disallowed it.

The plaintiff obtained a verdict; and the defendant moved for a new trial, on the ground that these decisions of the court, were incorrect.

*N. Smith* and *C. Chapman,* in support of the motion.

*Seeley,* contra.

LANMAN, J. I am quite satisfied, that the decision, at the trial, was right, both as to the law and the practice on the point in controversy; and I could hardly have supposed, that at so late a day, the proposition would have been doubted. As a general rule of evidence, when a witness is offered in a cause, and an objection is raised against him, it is incumbent on the party wishing to exclude him, before he testifies, to show his incompetency: for every witness offered is presumed to be competent, until the contrary appears. The reason of this rule is obvious, as it tends to save time, and so to promote the convenience of the parties, as well as that of the public. It is an ancient and useful rule, and certainly should not be violated or disregarded, on any ordinary pretext.

The incompetency of the witness may be established, either by calling witnesses to shew the fact upon which the objection rests; or, the witness may be himself examined upon the *voir dire*, and thus, as the case may be, become a witness of his own incompetency. But when the objector has made his election, in presence of the court, and pursued his objection, in a manner most eligible for his purpose, it has always been deemed a positive waiver of every other mode of proving the fact; unless, indeed, as is sometimes practised, the party, in an early stage, suggests to the court, his apprehension, that the witness has an interest, which his testimony will develope, to render him incompetent; in which case, he claims, that although he permit him to be sworn in chief, he shall reserve the right of moving the court, that the testimony of such witness be disregarded, and holden as though it had not been given in the cause.

These rules are founded on principles, so long and so well recognized, and so entirely suited to the subject of judicial proceedings, as in my opinion to be free from any just objection. Indeed, it would be embarrassing to the parties, inconvenient to the court, and productive of a delay of justice, to adopt any other rule.

It is urged with plausibility, by the defendant's counsel, in this case, that his enquiry was aimed exclusively at the *credibility* of the witness before the jury. But it is a sufficient answer to this, that when he has established his *incredibility*, on account of interest, he has made out incompetency, and of course *inadmissibility*. This is a question which the court alone can decide. It would surely be unfit, as it is altogether unprecedent-

ed, to take, in the manner claimed, an operative appeal from the judge to the jury, on the admissibility of a witness.

I am clearly of opinion, that the decision of the judge was correct; and that a new trial ought not to be granted.

The other Judges were of the same opinion, except DAG-GETT, J., who had been of counsel in the cause, and therefore gave no opinion.

New-Haven,<br>July,<br>1826.<br><br>Chance<br>v.<br>Hine.

New trial not to be granted.